**STATE of North Dakota, Plaintiff and Respondent,**

v.

**Kenneth SCHLOSSER, Defendant and Appellant.**

**Cr. No. 422.**

Supreme Court of North Dakota.

July 27, 1972.

Kent Higgins, Public Defender, Bismarck, for defendant and appellant.

Helgi Johanneson, Atty. Gen., and Thomas F. Kelsch, State's Atty., Bismarck, for plaintiff and respondent.

TEIGEN, Judge.

The State has moved to dismiss the defendant's appeals (1) from an order revoking deferment of imposition of sentence and (2) from the judgment and sentence. Both were entered on October 18, 1971. Separate notices of appeal were served on October 22, 1971, and were timely. The basis of the motion to dismiss is the failure of the defendant to serve and file his briefs on appeal in accordance with the require-

ments of Section 29–28–08, N.D.C.C. This section provides:

"An appeal from a verdict or judgment may be taken within three months after its rendition and from an order within sixty days after it is made. *The appellant shall file the settled statement of the case and briefs on an appeal from a verdict or judgment in the office of the clerk of district court within six months after the date of verdict or judgment and in an appeal from an order within sixty days after the date thereof.* The district court, upon application of the appellant made upon notice to the adverse party before the expiration of the time in which such record shall be filed, may extend such time for a period of not more than three months and further extension may be granted only by the supreme court upon the application of the appellant upon like notice. In case of the failure of the appellant to file such record within the time allowed by law or within such further time as may be allowed by the court, as provided in this title, said appeal shall be deemed dismissed." [Emphasis added.]

Pursuant to the above statute the defendant should have perfected his appeal by obtaining a settled statement of the case and filing his briefs on the appeal from the order revoking deferment of imposition of sentence within sixty days, or by December 17, 1971, and he should have perfected his appeal and obtained a settled statement of the case and filed his brief on the appeal from the judgment by April 18, 1972.

On January 11, 1972, the attorney for the defendant and the State entered into a stipulation settling the statement of the case in both appeals. An order settling the statement of the case was entered by the trial court on the same date. Thus the order settling the statement of the case was entered more than sixty days after the entry of the order revoking the deferment of imposition of sentence but less than six months after the imposition of the judgment and sentence.

On April 13, 1972, the defendant made a motion to extend the time for perfection of the appeal for an additional forty-five days. The motion was noticed for hearing on April 14, 1972, and, on that date, the trial court entered an oral order extending the time in which to serve and file the defendant's appeal briefs to May 22, 1972. This order was reduced to writing and signed by the court on June 1, 1972. No application was made to this court for a further extension of time to perfect the appeal. The defendant's appeal brief (a joint brief in both appeals) was served and filed on May 25, 1972, three days after the extension of time granted by the trial judge had expired, and seven months and seven days after the entry of the order revoking the deferment of imposition of sentence, and the judgment and sentence.

The State's motion for dismissal is premised on the failure of the defendant to perfect the appeals within the time required by statute, as extended by the order of the trial court.

The defendant is represented by the Public Defender who, in resistance to the State's motion to dismiss, argues that the delay was not caused by his procrastination but because the office of the Public Defender was too busy with other official matters in order to timely prepare, serve and file the briefs.

The defendant entered a plea of guilty to the charge of illegal possession of marijuana. The trial court, instead of imposing sentence, ordered a deferment of the imposition of sentence and imposed a number of conditions to govern the behavior of the defendant while under probation. Included is a provision "that the defendant not use illegal drugs or marijuana, nor have them in possession at any time, and that he consent to his parole officer or other law enforcement officers to search his home, property or person at any time without a search warrant." This condition was en-

forced by the defendant's probation officer who found, without the use of a search warrant, marijuana in the possession of the defendant and, on this basis, the deferment of imposition of sentence was revoked, whereupon the defendant was sentenced to imprisonment in the State Penitentiary for a term of one year. It is the claim of the defendant in these appeals that his rights, under the Fourth Amendment to the United States Constitution, were violated.

The merits of the appeal have not been argued and are not before us at this time. We are concerned merely with the State's motion to dismiss the appeal on the ground set forth above.

The service of the notices of appeal and the filing thereof were timely and jurisdiction of the appeals were conferred upon this court. State v. Higgins, 145 N.W.2d 478 (N.D.1966).

The statute deems an appeal has been taken when a notice of appeal is served and filed. Section 29–28–11, N.D.C.C., provides:

"An appeal is deemed to be taken when notice thereof, served as required by sections 29–28–09 and 29–28–10, is filed in the office of the clerk of the district court of the county in which the order, verdict, or judgment appealed from is made, entered, or filed, with evidence of the service or publication thereof endorsed thereon or attached thereto."

 Therefore that portion of Section 29–28–08, N.D.C.C., providing that the appellant shall file the settled statement of the case and briefs within the time allowed is not a jurisdictional prerequisite.

Section 29–28–20, N.D.C.C., provides for the correction of irregularities in an appeal within a reasonable time. This section provides:

"If the appeal is irregular in any substantial particular, but not otherwise, the supreme court, on any day, on motion of the respondent, upon five days' notice accompanied with the copies of the papers upon which the motion is founded, may order it to be dismissed. The dismissal of an appeal affirms the verdict or judgment. If the irregularities complained of are corrected in a reasonable time, the appeal shall not be dismissed and the supreme court must fix the time and direct the manner of correcting the irregularity."

The irregularity complained of by the State in its motion for a dismissal is the failure of the appellant to file his briefs within the time allowed. These briefs were filed within three days of the time allowed, which we find to be reasonable in view of the heavy work load of the Public Defender, who is representing the appellant. For this reason we deny the motion.

Motion denied.

STRUTZ, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.